IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **PHILLIP LENARD NEAL,** ) | |
| Petitioner, ) | Case No. 7:21-cv-00632 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **WARDEN, USP LEE,*** ) | Chief United States District Judge |
| Respondent. ) | |

## MEMORANDUM OPINION

Phillip Lenard Neal, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. Neal challenges the validity of his federal conviction in the United States District Court for the Middle District of Florida. Upon review of the petition and the attached exhibits, the court concludes that Neal has not satisfied the requirements for proceeding under § 2241. Therefore, the petition must be **DISMISSED** for lack of jurisdiction.

### I.  BACKGROUND

Neal is currently serving a 195-month term of imprisonment for possession of a firearm by a convicted felon. See In re Neal, No. 22-10257-C, 2022 U.S. App. LEXIS 2952, at *2 (11th Cir. Feb. 1, 2022). In 2015, he filed a motion to vacate under 28 U.S.C. § 2255 that was denied with prejudice. Id. In December 2021, Neal filed another motion in the Middle District of Florida that was construed as a second or successive § 2255 motion and dismissed without prejudice for lack of jurisdiction. Id. He subsequently filed a request for authorization

---

* The proper respondent to a federal prisoner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is the prisoner's immediate custodian. Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004). Accordingly, the court will direct the Clerk to substitute the Warden of USP Lee, where Neal is presently incarcerated, as the respondent.

to file a second or successive § 2255 motion, which was denied by the United States Court of Appeals for the Eleventh Circuit on February 1, 2022. Id. at *4.

Neal is currently incarcerated at USP Lee in Pennington Gap, Virginia. In his present petition, Neal asserts that the district court in his criminal case violated his Fifth Amendment rights when it made a change to his indictment without resubmitting the indictment to the grand jury. Pet., ECF No. 1, at 1–2. The petition is accompanied by an excerpt from his sentencing hearing transcript, which reflects that the district court granted the government's "motion to correct a scrivener's error with respect to the serial number of the firearm" referenced in the indictment. Id. at 5. Neal also submitted a portion of the docket from his criminal case and a summary of the Supreme Court's decision in Ex parte Bain, 121 U.S. 1 (1887), overruled by United States v. Cotton, 535 U.S. 625 (2002). Id. at 8–11.

## II. DISCUSSION

When a prisoner seeks to challenge the validity of a federal conviction or sentence, he ordinarily must file a motion to vacate under § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). "Nonetheless, § 2255 includes a 'savings clause' that preserves the availability of § 2241 relief when § 2255 proves 'inadequate or ineffective to test the legality of [a prisoner's] detention.'" Hahn v. Moseley, 931 F.3d 295, 300 (4th Cir. 2019) (quoting 28 U.S.C. § 2255(e)). The requirements of the savings clause are jurisdictional. United States v. Wheeler, 886 F.3d 415, 425–426 (4th Cir. 2018). Thus, unless the requirements are met, a district court may not entertain a § 2241 petition that challenges the validity of a federal conviction or sentence. Id. The petitioner bears the burden of demonstrating that he satisfies the savings clause requirements. See, e.g., Hood v. United States, 13 F. App'x 72 (4th Cir. 2001).

The United States Court of Appeals for the Fourth Circuit has crafted a three-part test for determining when a prisoner can challenge a federal conviction by way of the savings clause. In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Under that test, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. (paragraph breaks added). If any one of these requirements is not satisfied, the court is deprived of jurisdiction and may not entertain the petition. Wheeler, 886 F.3d at 425–26.

Neal's petition does not satisfy the second prong of the test set forth in In re Jones. He does not identify any post-conviction change in the substantive law that renders non-criminal the conduct of which he was convicted. Instead, Neal relies on a decision that pre-dated his conviction by more than 100 years, which has since been overruled by the Supreme Court. See Cotton, 535 U.S. at 631 ("Insofar as it held that a defective indictment deprives a court of jurisdiction, Bain is overruled.").

Because Neal has not shown that the substantive law changed such that the conduct of which he was convicted is no longer criminal, his petition does not satisfy all of the requirements of In re Jones. Accordingly, Neal cannot challenge the validity of his conviction under § 2241.

### III. CONCLUSION

For the reasons stated herein, the court concludes that Neal cannot proceed under § 2241 because his petition fails to meet the requirements to invoke the savings clause of 28 U.S.C. § 2255(e). Therefore, the court **DISMISSES** Neal's petition without prejudice for lack of jurisdiction. An appropriate order will be entered herewith.

Entered: April 22, 2022

Michael F. Urbanski
Chief U.S. District Judge
2022.04.22 16:30:10 -04'00'

Michael F. Urbanski
Chief United States District Judge